## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**

*Plaintiff*

**v.**

**JAYSON PASTRANA-ROMÁN,**

*Defendant*

Crim. No. 23-00304-1 (MAJ)

### OPINION AND ORDER

On May 15, 2026, Defendant Jayson Pastrana-Román ("Defendant") filed a motion for release on bail pending appeal under 18 U.S.C. § 3143(b), arguing that the appeal of his sentence is likely to result in a reduced sentence that would not involve jail time or be less than the current time served and expected time of the appeal process. (**ECF No. 645**). The United States of America (the "Government") opposes Defendant's motion (ECF No. 651). For the reasons outlined below, the Defendant's motion is DENIED.

### I.      Procedural Background

Defendant was indicted on one count of Conspiracy to Commit Wire Fraud under 18 U.S.C. § 1349, eight counts of Wire Fraud under § 1343, and one count of Conspiracy to Commit Money Laundering under § 1956(h). (**ECF No. 137**). On September 27, 2024, a change of plea hearing was held and defendant pled guilty to all counts via a straight plea. (**ECF No. 586**).

The Presentence Investigation Report from November 13, 2024 (the "Initial PSR") determined a total Offense Level of 21, which included a three-point enhancement for

being a manager or supervisor and a three-point reduction for acceptance of responsibility. (**ECF No. 521**). The Government objected to the acceptance of responsibility reduction on the basis that Defendant had denied essential elements of the offenses, failed to volunteer certain information during his interview with the probation officer, and that the Government had been forced to take steps to prepare for trial. (**ECF No. 534 at 15−16 n. 8**). On December 12, 2024, an amended Presentence Investigation Report (the "Amended PSR") was disclosed which removed the three-point reduction for acceptance of responsibility. (**ECF No. 534**). A sentencing hearing was first held on January 29, 2025, which the Court continued in light of the parties raising arguments outside of their written objections to the Amended PSR (**ECF No. 579 at 65**). The Court held a subsequent sentencing hearing on February 5, 2025. (**ECF No. 573**). At the hearing, Defendant objected to the three-point enhancement for being a manager or supervisor and to the elimination of the three-point reduction for acceptance of responsibility. After hearing the parties, the Court applied the three-point enhancement for being a manager or supervisor, highlighting that Defendant acted as a manager or supervisor by recruiting three individuals to submit fraudulent loan applications, informing them as to developments, and facilitating their payment of kickbacks to the organizer of the scheme. The Court also found that the reduction for acceptance of responsibility was not warranted. Based on a total offense level of 24 and a Criminal History Category of I, the Court calculated a guideline range of 51 to 63 months. (**ECF No. 573 at 10**). Imposing a downward variance, the Court sentenced Defendant to a prison sentence of 33 months. The Court made clear that the 33-month sentence was the same one it would have imposed if it would have granted the three-point reduction for acceptance of responsibility.

Defendant appealed to the First Circuit on the basis that 1) the Court erred by applying the three-point enhancement as he was not a supervisor or manager, and 2) the Court erred by denying the three-point reduction because he properly accepted responsibility. Defendant filed the instant motion for bail pending appeal on May 15, 2026 (**ECF No. 645**). On June 18, 2026, the Court held oral argument on the motion and held the matter under abeyance pending this written order. (**ECF No. 652**).

## II.    Legal Standard

Release pending appeal is governed by 18 U.S.C. § 3143. *See* FED. R. CRIM. P. 46(c). "[T]here is no presumption in favor of release pending appeal; on the contrary… detention (following conviction and sentencing) is mandatory unless the defendant can establish that one of the exceptions contained in the statute applies." *See United States v. Colón-Muñoz*, 292 F.3d 18, 20 (1st Cir. 2002). The defendant bears the burden of establishing that an exception applies. *United States v. Colón-Berríos*, 791 F.2d 211, 214 n.4 (1st Cir. 1986). Section 3143(b) provides that a defendant who has been convicted and sentenced shall be detained unless a judicial officer finds:

> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal
>
> (ii) an order for new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).

Subsection B can "itself [] be divided into 'two distinct requirements: (1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in [a qualifying reduced sentence].'" *United States v. Pérez Otero*, 2024 WL 1208099, at *3 (D.P.R. Mar. 21, 2024) (quoting *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985)). "[A] substantial question means a close question or one that very well could be decided the other way." *United States v. Zimny*, 857 F.3d 97, 100 (1st Cir. 2017). If the defendant establishes a substantial question, the Court assumes that the question will be determined favorably to the defendant on appeal and proceeds to evaluate whether the likely outcome is one set forth in 18 U.S.C. § 3143(b)(1)(B). *See id*. at 100–01. Where the issue on appeal is the sentence given to the defendant, the defendant must show that a successful appeal is likely to result in a sentence that will not include a term of imprisonment or will be reduced to a sentence less than the total of time already served plus the expected duration of the appeal process. *United States v. Carrasquillo-Rodríguez*, 2026 WL 604851, *1 (D.P.R. Mar. 4, 2026).

## III.    Discussion

The Government does not dispute that the Defendant is not a flight risk or danger to society or that this appeal is not raised for purposes of delay. The Court therefore focuses its attention on the second prong of § 3143(b). Defendant identifies two separate issues that he argues constitute substantial questions that will likely result in a reduced sentence. (**ECF No. 645 at 11**). First, Defendant argues that he was erroneously given an aggravating role enhancement as a manager or supervisor under U.S.S.G. § 3B1.1.

Second, Defendant argues that he was erroneously denied a three-point acceptance of responsibility reduction under § 3E1.1(a). The Court addresses both arguments in turn.

### A. Aggravating Role

Defendant contends that the Court erred in applying a three-point aggravating role as a supervisor or manager by relying solely on the determination that he acted as a "recruiter." (**ECF No. 645 at 16**). According to Defendant, the Court ignored First Circuit precedent requiring a "manifestation of authority," and "[r]elying on a misreading of *United States v. Prange*, 771 F.3d 17, 34 (1st Cir. 2014), advanced by the government, this Court erroneously found Mr. Pastrana was a manager or supervisor because he 'exercised authority over his co-defendants to recruit them into the scheme.'" *Id.* at 13 (quoting (**ECF No. 573 at 5**).

Defendant fails to raise a substantial question with respect to the aggravating role enhancement. "The determination of which type of role a defendant played in an offense is a factual one, reversible only if clearly erroneous. *United States v. García-Sierra*, 994 F.3d 17, 37 (1st Cir. 2021). As a threshold matter, the Court did not rely exclusively on the determination that Defendant was a "recruiter" in applying the aggravating role enhancement. Contrary to Defendant's characterization, the Court's determination that Defendant was a supervisor or manager noted that, in addition to recruiting his brother and two friends into the scheme, Defendant collected kickbacks from them on behalf of the organizers and his brother's loan applications listed Defendant's email address and phone number as contact information. (**ECF No. 573 at 4–5**). The Court emphasized that Defendant exercised authority over his brother, "who not only he recruited but to

which he had to inform all developments regarding his fraudulent loan application as they were received in Mr. Pastrana's e-mail." (**ECF No. 573 at 5**).

Even if the Court's decision had been solely predicated on Defendant's role as a recruiter, such conduct is sufficient to merit an aggravating role enhancement under § 3B1.1. *See Prange*, 771 F.3d at 34. Defendant's argument that recruitment alone does not constitute authority or control over co-defendants is premised on a misreading of *Prange*. The First Circuit in *Prange* did not say that the defendant must "exercise authority or control over another participant" in a way that is manifested in some form beyond the defendant's actions in recruiting other criminal actors; rather, the *Prange* Court discussed that simply recruiting participants into the scheme *constitutes* the requisite authority or control over said participants for purposes of the supervisor or manager enhancement. *See* 771 F.3d at 34. In the First Circuit's own words:

> To justify the . . . enhancement, evidence of the defendant's role need only show that he exercised authority or control over another participant on one occasion. Indeed, simply recruiting a co-defendant, by itself, constitutes a managerial function under § 3B1.1.
>
> . . .
>
> [T]he record amply supports the court's first finding: that Prange was at least a manager or supervisor. At a minimum, Prange recruited Jordan and multiple other executives into this scheme by introducing them to E.H., gauging their willingness to issue kickbacks, and recommending them to the agent.

*Id.* at 34–35 (internal citations and quotations omitted). Nor can Defendant's tortured misreading of *Prange* manufacture a substantial question in light of other First Circuit precedent holding that recruiting other criminal actors is sufficient to support an aggravating role enhancement for being a manager or supervisor. *See United States v. Savarese*, 686 F.3d 1, 20 (1st Cir. 2012) ("To begin, the evidence clearly establishes that

DeSimone was primarily responsible for recruiting co-defendant Richard Regnatta into the conspiracy. This conduct, by itself, constitutes a "managerial" function under § 3B1.1.") (citing *United States v. Joyce*, 70 F.3d 679, 683 (1st Cir. 1995)). Accordingly, the Court finds that Defendant fails to raise a substantial question with respect to the imposition of a three-point enhancement for being a manager or supervisor.

## B. Acceptance of Responsibility

Defendant's second argument is that he was erroneously denied an acceptance of responsibility reduction under § 3E1.1(a). (**ECF No. 645 at 16**). Because Defendant pleaded guilty prior to trial and did not falsely deny or raise frivolous objections to relevant conduct, he argues that he sufficiently accepted responsibility. *Id.* at 21.

To secure a reduction under § 3E1.1, "the defendant must show that he truthfully admitted the conduct comprising the offense of conviction, and truthfully admitted or did not falsely deny any additional relevant conduct." *United States v. Coleman*, 884 F.3d 67, 73 (1st Cir. 2018) (internal citations and quotations omitted). The Court's finding that the Defendant did not accept responsibility is subject to clear error review. *United States v. MacArthur*, 805 F.3d 385, 389 (1st Cir. 2015); *see also* U.S.S.G. § 3E1.1, comment (n.5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review.").

There is no substantial question as to whether the Court committed clear error when it determined that the Defendant did not accept responsibility for the offense. The Court made a factual finding that although the Defendant admitted to the substantive elements of the offenses, he did not admit to relevant conduct, specifically with regard to

his role in recruiting other defendants and serving as an intermediary in the collection of kickbacks. (**ECF No. 573 at 7**). This was supported by the fact that Defendant's counsel stated at the change of plea hearing that Defendant does "not accept any of the facts the Government is presenting today [in the Statement of Facts]" and accepts only "all the elements of the offenses as to each of the charges that are in the indictment that he [was] pleading guilty to." (**ECF No. 586**). The Court further highlighted that in the interview with the probation officer, Defendant suggested that he did not have the requisite knowledge and intent to commit wire fraud and, crucially, said nothing about his role in recruiting others or laundering the kickbacks of the scheme. Such conduct is plainly relevant to Defendant's counts of aiding and abetting wire fraud. There is therefore ample evidence in the record to support this Court's finding that Defendant did not completely accept responsibility. *See Coleman*, 884 F.3d at 73.

Even if Defendant raises such a substantial question, he cannot show that that a successful appeal is "likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). The Court at sentencing determined that Defendant had a total offense level of 24 with a Criminal History Category of I, yielding a guideline range of 51 to 63 months. (**ECF No. 573 at 10**). The Court imposed a downward variance to 33 months. *Id.* at 13. If Defendant is hypothetically successful on appeal in securing a remand with an instruction to apply a three-point reduction for acceptance of responsibility, the corresponding guideline range would be 37 to 46 months, still above the sentence given by the Court. *See* U.S.S.G. § 5A. The text of § 3143(b)(1)(B)(iv) plainly requires a defendant arguing that his sentence was improperly calculated to show that the successful

appeal be likely to result in "a *reduced* sentence." Defendant does even address his burden to show that a lesser sentence would be likely despite the resulting guideline range still falling above his current sentence. *See Carrasquillo-Rodríguez*, 2026 WL 604851 at *5 (noting that defendant must show that the claimed error was not harmless or unprejudicial).

Furthermore, counsel for the Government noted at the February 5 sentencing that the Court's downward variance was based in part upon the Defendant's partial acceptance of responsibility and asked the Court whether it "would have issued the same sentence even if the Court found that [Defendant] qualified for the 3 acceptance of responsibility points." (**ECF No. 573 at 17**). The Court responded in the affirmative. *Id.* "[W]hen a sentencing court makes clear that it would have entered the same sentence regardless of the Guidelines, any error in the court's Guidelines calculation is harmless." *United States v. Ouellette*, 985 F.3d 107, 110 (1st Cir. 2021). Accordingly, Defendant does not meet his burden of showing that the substantial question on appeal was not harmless.

## IV.    Conclusion

Defendant has failed to meet his burden under 18 U.S.C. § 3143(b)(1) to "raise[] a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). Accordingly, Defendant's request for release pending appeal is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of July, 2026.

<u>**/s/ María Antongiorgi-Jordán**</u>
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**